# Exhibit A – First Amended Complaint

Electronically Filed
8/13/2025 4:38 PM
Steven D. Grierson
CLERK OF THE COURT

**ACOMP**
Brent D. Valdez, Esq.
Nevada Bar No. 10784
**CVBN LAW**
8861 West Sahara Ave, #215
Las Vegas, Nevada 891117
Telephone (702) 255-0700
Facsimile (702) 255-2159
*Attorney for Plaintiff*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| RICK STEED,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, A UTAH CORPORATION SOLE dba DESERET INDUSTRIES; LARRY KING; ROE CORPORATIONS I through X, inclusive; and DOES II through X, inclusive,<br><br>　　　　　　　Defendant. | Case No.: A-25-919047-C<br>Dept No.: VI<br><br><br>**AMENDED COMPLAINT** |

Plaintiff RICK STEED, by and through his undersigned counsel, CVBN LAW, and for his action against Defendants, complains and alleges as follows:

**I.**

**IDENTIFICATION OF THE PARTIES**

1. At all times mentioned and relevant herein Plaintiff is a resident of Clark County, Nevada.

2. Plaintiff is informed and believes, and thereon alleges, that, at all times relevant herein, DEFENDENT THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, A UTAH CORPORATION SOLE dba DESERET INDUSTRIES, (hereinafter referred to as "DESERET INDUSTRIES") was, and is, a Utah corporation licensed to conduct business in Clark County, Nevada, and is, in fact, conducting business in Clark County, Nevada.

3. Plaintiff is informed and believes, and thereon alleges, that, at all times relevant herein, Defendant LARRY KING was, and is, an employee of Defendant Deseret Industries, was in the course and scope of his employment with Defendant Deseret Industries, and was a resident of Clark County, Nevada at the time of the events described herein.

4. The true names of DOES II through X, their citizenship and capacities, whether individual, corporate, associate, partnership or otherwise, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that each of the Defendants, designated as DOES II through X, are, or may be, legally responsible for the events referred to in this action, and caused damages to Plaintiff, as herein alleged, and Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

5. DOES II through X and/or ROE Corporations I through X are Defendants and/or employers of named and/or unnamed Defendants who may be liable in negligence generally, or pursuant to N.R.S. 41.130, which states:

> [e]xcept as otherwise provided in N.R.S. 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

## II.

## GENERAL ALLEGATIONS

6. Plaintiff hereby repeats, and re-alleges, Paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. At all times material to this Complaint, the acts and omissions giving rise to this action occurred in Clark County, Nevada.

8. Upon information and belief, Defendant DESERET INDUSTRIES owned, occupied, operated, controlled, managed, and/or maintained a thrift store and donation center located at 3750 W. Craig Road, North Las Vegas, Nevada 89032 (the "PREMISES") and is therefore responsible in all aspects for the PREMISES.

2

9. That, on or about May 17, 2023, Plaintiff was lawfully upon the PREMISES as a guest/patron/invitee of Defendant DESERET INDUSTRIES.

10. Plaintiff came to the PREMISES to donate a table and chairs. Plaintiff pulled his vehicle into the donation center area of the PREMISES. Plaintiff and Defendant Doe Employee, an employee of the Defendant DESERET INDUSTRIES acting in the course and scope of his employment with Defendant DESERET INDUSTRIES, began to unload the donated items. While exercising reasonable care for his own well-being, Plaintiff, assisted Defendant LARRY KING in removing the items from the back of the pick-up truck. As Plaintiff and Defendant LARRY KING were carrying the tabletop near the tailgate of his truck, Defendant LARRY KING dropped the tabletop and causing it to fall towards Plaintiff. As a result, Plaintiff lost his balance and fell onto the tabletop striking his elbow his head. Plaintiff fell as a direct and proximate result of the said negligence and carelessness of Defendant LARRY KING and was caused to suffer injuries as a result of the negligent conduct by Defendants.

11. Plaintiff suffered injuries as a result of the May 17, 2023, accident.

### III.

### FIRST CLAIM FOR RELIEF

**(General Negligence Against Defendants)**

12. Plaintiff hereby repeats and re-alleges each and every allegation contained in paragraphs 1-11 as though fully set forth herein and incorporate the same by reference.

13. Plaintiff is informed, and believes, and thereupon alleges, that Defendants owed Plaintiff multiple duties to use reasonable care and diligence in the performance of various functions and acts. Such duties to use reasonable care and diligence owed to Plaintiff by Defendants include, but are not limited to: the duty to use reasonable care and diligence in handling donation items so as not to cause injury to patrons, such as Plaintiff.

14. Defendants breached their duties to Plaintiff when they negligently and carelessly performed various functions and acts, including, but not limited to, the negligent carrying of a tabletop, which, when dropped, could cause injury to Plaintiff.

3

15. That, as a direct, and proximate, result of the negligence, and carelessness, and/or recklessness of Defendants, Plaintiff sustained severe bodily trauma, all or some of which may be permanent and disabling in nature, all to his general and compensatory damage, in an amount in excess of $15,000.00. In addition, Plaintiff was required to incur expenses for medical care, treatment and expenses incidental thereto, all to his detriment, in an amount unknown at this time, and may be required in the future to incur expenses for medical care and treatment, including surgery, physicians, nurses, physical therapists, hospitalization, x-rays, medicine and general medical care in an amount not yet ascertained, and in this regard Plaintiff prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

16. As a direct, and proximate, result of the negligence, carelessness, and/or recklessness of Defendants, Plaintiff has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, and will continue to endure said losses for an indefinite period of time in the future, in an amount in excess of $15,000.00, and in this regard Plaintiff prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein.

18. That as a further direct, and proximate, result of the aforesaid negligence of Defendants, Plaintiff has incurred additional damages, such as lost income, loss of earning capacity, and other incidental damages in a sum to be determined at the time of trial.

19. It has been necessary for Plaintiff to retain the services of counsel to represent his interests in the above-entitled matter, and that he should be awarded reasonable attorney's fees and costs.

IV.

**SECOND CLAIM FOR RELIEF**

**(Negligent Hiring, Retention, Training, and Supervision)**

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-19 as though fully set forth herein and incorporate the same by reference.

21. Defendant Deseret Industries had a duty to properly hire, train and supervise its staff, employees and/or agents including Defendant LARRY KING.

4

22. As a direct and proximate result of the negligent conduct of Defendants, Plaintiff was required to seek and obtain medical care and to undergo medical treatment, all to his damage in a sum in excess of $15,000.00.

23. As a direct and proximate result of the negligent conduct of Defendant, Plaintiff suffered great physical and mental pain and anxiety all to his damage in a sum in excess of $15,000.00.

24. As a direct and proximate result of the negligent conduct of Defendant, Plaintiff has lost income and earning capacity, and will continue to do so in the future, all to his damage in a sum in excess of $15,000.00.

25. As a direct and proximate result of the negligent conduct of Defendant, Plaintiff has incurred incidental expenses and a loss of household services, and will continue to do so in the future, all to his damage in a sum in excess of $15,000.00.

26. Plaintiff has been required to obtain the services of an attorney to prosecute this action and is therefore entitled to recover attorney's fees and cost of suit.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for relief and judgment against Defendants as follows:

1. General and special damages in excess of $15,000.00, according to proof at trial;
2. Pre-judgment and post-judgment interest, as allowed by law;
3. Costs of suit and attorney fees;
4. For such other and further relief as the court may deem appropriate.

DATED this __13th__ day of August, 2025.

**CVBN LAW**

___/s/ Brent Valdez_____
Brent D. Valdez, Esq.
Nevada Bar No. 10784
8861 West Sahara Ave, #215
Las Vegas, Nevada 89117
*Attorney for Plaintiff*

5